HIPÓLITO COLÓN LÓPEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 871.   Submitted November 7, 1932.—Decided November 28, 1932.

*E. López Acosta* for appellant.   The registrar appeared by brief.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Hïpólito Colón López instituted a possessory title proceeding in the Municipal Court of San Germán to obtain and record in his name possession to 8 acres (*cuerdas*) of land, alleging that he purchased 3.33 acres thereof from María del Carmen, known as Cruz, Casiano widow of Mangual.   He further alleges that said 3.33 acres are part of a piece of property 5½ acres in area, recorded in the name of Pedro Echevarría Pérez.   The possessory title proceeding was approved by a judgment of the municipal court and a copy of that judgment was issued in order to record the property in the Registry of Property of San Germán in the name of the plaintiff, after cancellation therein of the record in conflict with the facts as proved.   The registrar denied the record for the reasons set forth in the following decision:

"The record of the aforesaid document is denied inasmuch as the property of 5½ acres from which the tract of 3.33 acres is taken

and which forms part of the estate described in this document appears recorded in the name of Emiliano, María Sabina, Pedro Alcántara, María Eugenia, María de la Cruz, and Felipe de Jesús Colón, who were never notified as required by section 393 of the Mortgage Law, and who are persons other than the previous owner, María del Carmen, known as Cruz, Casiano. Cautionary notice for 120 days is entered in favor of the petitioner at volume 72, page 82 of San Germán, property number 3351, entry 'C', San Germán, March 14, 1932.''

Hipólito Colón López did not appeal from this decision. Several month later, however, he again presented to the registry of property the certified copy of the judgment of the court, together with a deed whereby the parties interested in the record of possession in the registry of property (with the exception of Emiliano Colón, who had been duly summoned in the proceedings) ratified the sale of said property by María del Carmen to Hipólito Colón López. The registrar refused to convert the cautionary notice into a final record, and Colón López appealed from that decision.

The registrar claims that if the requested record is made, the said property will appear as recorded in favor of the persons in whose names it is already recorded and also in the name of Hipólito Colón; and that, if such persons had been summoned in the possessory title proceeding, the Municipal Court would have ordered the cancellation of the conflicting record. The registrar further says that he can not consider for classification any document not previously offered in possessory title or dominion title proceedings.

No appeal having been taken from the first decision of the registrar, the only question to be decided now is as to whether the defect noted by the registrar in that decision has been cured by the new evidence submitted by the petitioner.

The first, second, and third paragraphs of section 393 of the Mortgage Law provide:

''Registrars, before recording an estate for interest by virtue of the proceedings mentioned in the last three articles, shall carefully examine the registry, in order to ascertain whether it contains any

record relating to the same real property which may be totally or partially cancelled as a consequence of such record.

"If they should find a record of acquisition of ownership or possession uncancelled, which is in contradiction with the fact of the possession as established by judicial proceedings, they shall suspend the record, enter a cautionary notice, if the person interested should request it, and forward a copy of the record to the judge who may have approved the proceedings.

"In view thereof, after citation and hearing of the persons who, according to said entry, may have an interest in the real property, the judge shall affirm or revoke the order of approval, informing the registrar in either event of the decision rendered, in order that he may accordingly make the record or cancel the cautionary notice."

The Mortgage Law clearly prescribes the procedure to be followed in order to obtain the results sought by the petitioner. The judge, and not the registrar, is the proper officer to hear the interested parties when he is presented with copy of the records in conflict with the possession whose registration is sought. The evidence in support of the approval of possessory title proceedings should receive judicial consideration. To rule otherwise would vest the registrar with the judicial power specifically granted by law to municipal judges. It does not appear from the judgment rendered by the Municipal Court of San Germán that the persons in whose favor the possession of the property is recorded, except Emiliano Colón, were ever summoned to appear in the possessory title proceeding.

The decision appealed from will be affirmed.